[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12023
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00195-WTM-CLR

UNITED STATES OF AMERICA,

Plaintiff,

FCA US LLC,

Intervenor Plaintiff-Appellant,

versus

60 AUTOMOTIVE GRILLES, et al.,

Defendants,

324 AUTOMOTIVE GRILLES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 15, 2020)

Before WILLIAM PRYOR, GRANT and BLACK, Circuit Judges.

PER CURIAM:

Appellant FCA US LLC appeals the district court's denial of FCA's motion to intervene in this *in rem* forfeiture proceeding.  FCA argues the district court erred when it found FCA's interest in the proceeding, to the extent such an interest was even cognizable, was adequately represented by the Government, and FCA therefore had no right to intervene under Rule 24(a) of the Federal Rules of Civil Procedure.  FCA further argues it can satisfy the other requirements of Rule 24(a).

## I. BACKGROUND

Before getting into the specific facts of this case, we briefly set out the statutory and regulatory framework underlying forfeiture actions of this sort. Section 24 of the Lanham Act and Section 526 of the Tariff Act prohibit the importation of goods that "copy or simulate" registered trademarks owned by United States citizens or corporations.  15 U.S.C. § 1124; 19 U.S.C. § 1526. Customs and Border Patrol (CBP) is authorized to seize and forfeit infringing goods, and generally does so where a trademark owner has recorded its mark with the Customs Office.  19 U.S.C. §§ 1526(b) and (e), 1595(c)(2)(C); 19 C.F.R. § 133, Subpart A.

Following a seizure, CBP takes custody of the goods and provides written notice of the seizure to each party who appears to have an interest in the seized

2

items. 19 U.S.C. §§ 1605, 1607; 19 C.F.R. § 162.31. The importer of the goods then has several options.  As relevant here, those options include filing "a claim stating his interest" in the seized property, at which point the "customs officer shall transmit such claim . . . to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation . . . in the manner prescribed by law."  19 U.S.C. § 1608; *see also* 19 C.F.R. § 162.47.  This forces the case into a district court where the Government must establish probable cause for the forfeiture, and it allows the importer to present arguments that the seizure was improper.

LKQ Corporation and its subsidiary Keystone Automotive Industries, Inc. (LKQ) import and sell, among other merchandise, automotive replacement parts, including the replacement automotive grilles that are the subject of the instant forfeiture proceeding.  Although LKQ had been importing these replacement grilles for years without objection by the various trademark owners, beginning in 2017, CBP began seizing LKQ's imports pursuant to the Tariff Act.  Over the course of approximately ten months, CBP executed at least 167 seizures at three different ports.  LKQ has sought judicial forfeiture in several of these seizure cases, including those giving rise to the instant proceeding.

In light of LKQ's request for judicial forfeiture, the Government filed in the district court an amended civil complaint *in rem* for the forfeiture of 324

3

automotive grilles, pursuant to 19 U.S.C. §§ 1526(b) and (e), and 1595a(c)(2)(C). The amended complaint alleged the grilles constituted "articles of merchandise bearing counterfeit marks, or marks that copy or simulate registered trademarks, imported into the United States in violation of 15 U.S.C. § 1124 and without the consent of the trademark owners." Those trademark owners include, among others, Ford, Toyota, Mazda, Honda, and Appellant FCA (Chrysler).

After the Government initiated the forfeiture action, LKQ filed a Verified Claim contesting the forfeiture of the grilles, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, thereby inserting itself as a defendant in the case. LKQ asserted it was the "lawful owner" of the seized grilles.

That same day, LKQ filed a motion seeking to dismiss the forfeiture proceeding. LKQ acknowledged that the various trademark owners had valid trademark registrations, but argued the amended complaint should be dismissed on two grounds. First, LKQ argued the replacement grilles do not violate any trademark law because: (1) the trademarked designs are functional, at least in the context of aftermarket repairs; and (2) the replacement grilles are not counterfeit and there is no likelihood of confusion. Second, LKQ argued the replacement grilles are not subject to seizure because "[m]ost of" the grilles—including those allegedly infringing on FCA's trademarks—are covered by design patent licenses

4

that allow LKQ "to make any grille that is substantially similar to the grille designs covered by . . . [FCA's] design patents."

The Government filed its response to LKQ's motion, contending LKQ's motion failed to establish, or even argue, that the Government failed to state a claim, instead improperly focusing on the underlying merits of the Government's claims and relying on evidence outside the amended complaint. The Government did not comprehensively respond to LKQ's arguments concerning trademark law or the contours of its licensing agreement with FCA, but it did request an opportunity to substantively respond if the court elected to convert LKQ's motion to dismiss to a motion for summary judgment. LKQ filed a reply to the Government's response, and the Government filed a sur-reply.

Appellant FCA then filed the Motion to Intervene that is the subject of this appeal. FCA sought intervention due to "the erroneous arguments" made by LKQ in the motion to dismiss. FCA argued LKQ had mischaracterized trademark law, insisting it needed to intervene to "vindicate" both its trademark and contractual rights and "present evidence" as to those issues. In the alternative, FCA sought leave to appear as *amicus curiae*. FCA did not file a formal intervenor complaint. Instead, it attached a proposed memorandum in opposition to LKQ's motion to dismiss, in which it addressed LKQ's substantive arguments concerning the

5

legitimacy of the replacement grilles.  LKQ opposed the motion, and the Government expressed no view on the matter.

The district court denied the motion.  Before addressing the substance of FCA's motion, the district court noted that, because the Supplemental Rules did not refer to or otherwise permit intervention as a plaintiff in a forfeiture proceeding, Federal Rule of Civil Procedure 24(a) applied.  Applying that rule, the district court concluded that, assuming FCA's interest in protecting its intellectual property was sufficient to warrant intervention, FCA's interests were already adequately represented by the Government.  This appeal followed.

## II. DISCUSSION

"Generally, the denial of a motion to intervene is not considered a final appealable order over which we have jurisdiction."  *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 214 (11th Cir. 1993).  However, under this circuit's "anomalous rule" we have "provisional jurisdiction" to review the district court's denial of FCA's motion to intervene as a matter of right under Rule 24.  *Id.* (quotation marks omitted).  If we find the district court was correct, "our jurisdiction disappears because the district court's ruling would not be a final decision."  *Id.*  Should we find the district court erred, however, "we maintain jurisdiction and must reverse the ruling."  *Id.*

Rule 24(a)(2) provides for intervention as a matter of right where certain conditions are met:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). We have interpreted this rule to require a party seeking intervention of right to demonstrate that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Worlds v. Dept. of Health and Rehab. Servs.*, 929 F.2d 591, 593 (11th Cir.1991) (quotation marks omitted).

Assuming intervention as a plaintiff is appropriate in this sort of civil asset forfeiture proceeding, we agree with the district court that FCA failed to show its interest was not adequately represented by the Government. We limit our discussion to this requirement.

Where, as here, an "applicant[] for intervention seek[s] to achieve the same objectives as an existing party in the case," the applicant must overcome a presumption that it is adequately represented. *United States v. City of Miami*, 278

7

F.3d 1174, 1178 (11th Cir. 2002) (quotation marks omitted). FCA has failed to do so here. Like the district court, we can discern no difference between the objectives the Government seeks to fulfill in this case and those of FCA. Both ultimately seek a finding that the Government has cause to seize and forfeit the defendant property. In making its case, the Government will necessarily need to make the same arguments FCA indicates it wishes to make: the defendant automotive grilles unlawfully infringe on FCA's trademark rights and were imported into the United States without the consent of FCA. The fact that FCA might go about making these arguments in a different manner or otherwise believes itself to be in a better position to make them does not make the Government's representation inadequate.

FCA insists the Government must serve "multiple interests" beyond protecting FCA's intellectual property, such as "ensur[ing] that the overall regulatory scheme for the nation's borders is not jeopardized." But FCA has not shown that any of these additional interests the Government may have are in direct conflict with its interest in protecting trademark rights. *See City of Miami*, 278 F.3d at 1179 (finding the Government adequately represented a prospective intervenor's interests where there was no indication the Government's asserted interest and the intervenor's related interest were "mutually exclusive"). At the end of the day, the Government cannot succeed in its forfeiture action without

8

making the case that the defendant automotive grilles unlawfully infringed on the rights of FCA and other trademark owners.

We further note that the statutory and regulatory scheme laid out above reinforces our conclusion that FCA's interests are adequately represented by the Government in this action.  As the district court noted, §§ 1526 and 1595a provide mechanisms by which private parties—trademark owners—may essentially enlist the Government's aid in enforcing private rights.  This scheme assumes the Government is competent to protect those rights in the context of forfeiture proceedings.  And notably, none of the relevant statutes, the regulations promulgated pursuant to those statutes, or the Supplemental Rules applicable in forfeiture proceedings contemplates intervention as a plaintiff by private rights owners who assert no claim to the defendant property itself.

Because the primary objectives FCA seeks to achieve in this case are goals shared by the Government, FCA's interests are adequately represented, and the district court was not required to permit FCA to intervene in this forfeiture proceeding.  *See* Fed. R. Civ. P. 24(a); *Worlds*, 929 F.2d at 593.

### III. CONCLUSION

Because we agree with the district court that FCA has no basis for intervention as a matter of right, there is no "final decision" for us to review, and

we must dismiss the appeal for lack of appellate jurisdiction. *See Fed. Sav. & Loan Ins. Corp.*, 983 F.2d at 214.

**DISMISSED.**